## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

DANDRE DSHON EVANS,

      Petitioner,

v.                                                  Case No.  3:21-cv-991-TKW/MJF

M V JOSEPH,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Petitioner's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and failure to comply with three court orders.[1]

### I. BACKGROUND

Petitioner, a prisoner proceeding *pro se*, filed a "2241 Habeas Corpus Petition" on the court-approved form. Doc. 1. Petitioner did not pay the $5.00 filing fee, and he did not file a motion for leave to proceed *in forma pauperis*. On September, 7 2021, the undersigned ordered Petitioner to pay the $5.00 filing fee or

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

submit a fully completed motion to proceed *in forma pauperis*. Doc. 3 at 1-2. The undersigned provided Petitioner until October 8, 2021, to comply. *Id.* at 1. The undersigned warned Petitioner that failure to comply likely would result in dismissal of this action. *Id.* at 2. Petitioner did not comply with the undersigned's order.

On October 25, 2021, the undersigned ordered Petitioner to show cause why this case should not be dismissed for: (1) failure to comply with a court order; (2) failure to prosecute; and (3) failure to pay the filing fee. Doc. 4. The undersigned imposed a deadline of November 8, 2021, to comply. The undersigned again warned Petitioner that failure to comply likely would result in dismissal of this case. *Id.*  As of the date of this report and recommendation, Petitioner has not complied with the undersigned's order to pay the filing fee and has not demonstrated good cause for his failure to do so.

## II.  DISCUSSION

The undersigned recommends that this action be dismissed in light of Petitioner's failure to pay the filing fee and his failure to comply with two court orders.

### A.   Failure to Pay the Filing Fee

Rule 5.3 of the Local Rules for the Northern District of Florida provides that a party who files "a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc.

R. 5.3. Section 1914 authorizes the clerk of each district court to collect a filing fee from the party instituting any civil action, suit or proceeding in the district court. 28 U.S.C. § 1914.

A court may dismiss an action for failure to pay the filing fee so long as the court first affords the petitioner an opportunity to explain the failure. *See Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002); *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Additionally, Rule 41.1 of the Local Rules of the United States District Court for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order.

Here, Petitioner neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. The undersigned directed Petitioner to pay the filing fee or submit a completed motion to proceed *in forma pauperis* in accordance with the Local Rules for the Northern District of Florida and specifically warned Petitioner that his failure to do so likely would result in dismissal. Docs. 3, 4. Despite the undersigned issuing two orders to show cause, Petitioner did not pay the filing feel and did not seek an extension of time to comply with the

undersigned's order.[2] Accordingly, pursuant to 28 U.S.C. § 1914 and the Local Rules, the undersigned recommends that this action be dismissed for failure to pay the filing fee.

**B.     <u>Failure to Comply with Court Orders</u>**

Petitioner's failure to comply with two court orders is yet another reason to dismiss this action. "A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Prop., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

---

[2] While this case was pending, Petitioner filed a second habeas petition in the United States District Court for the Northern District of Florida. *Evans v. Joseph*, 3:21-cv-1492-MCR/MJF, ECF No. 1, (N.D. Fla. Oct. 15, 2021). In that case, the undersigned also instructed Petitioner to pay the filing fee. *Id.*, ECF No. 3. Petitioner complied with the court's order. *Id.*, ECF No. 4. This suggests that Petitioner had the funds to pay the $5.00 filing fee in the instant case but chose not to pay.

Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following six factors, among others:

**(1)    The duration of Petitioner's failure to comply.** On September 7, 2021, the undersigned ordered Petitioner to pay the filing fee or file a motion to proceed *in forma pauperis*. The undersigned imposed a deadline of  October 8, 2021, to comply. Thus, Petitioner has failed to comply with that order since October 8, 2021.

**(2)    Petitioner's failure to comply with two court orders.** Petitioner has failed to comply with two court orders:

        a.    the order issued on September 7, 2021; and

        b.    the order issued on October 25, 2021.

**(3)    Petitioner received notice that failure to act likely would result in dismissal.** The undersigned warned Petitioner two times that failure to comply with the respective orders likely would result in dismissal. Docs. 3, 4. Despite these

warnings, Petitioner has not complied with the undersigned's orders.

**(4)   The proper balance between alleviating court calendar congestion and protecting Petitioner's right to due process and a fair chance to be heard.** Petitioner has been afforded an opportunity to be heard and has received due process consistent with the primary stage of his civil action. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Petitioner may have in this case remaining pending and inactive.

**(5)   The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(6)   The fact that any lesser sanction would be inefficacious.** Based on Petitioner's prior conduct, it is likely that Petitioner would ignore future orders directing Petitioner to comply. Dismissal without prejudice is an appropriate sanction to address the important objectives and interest of justice discussed above.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** without prejudice for Petitioner's failure to pay the filing fee and Petitioner's failure to comply with two court orders.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this <u>24th</u> day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**